**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Blackhawk Mining, LLC,
Employer Below, Petitioner**

**v.)      No. 25-661**    (JCN: 2023001051)
                                    (ICA No. 25-ICA-63)

**Harold G. Woods Jr.,
Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Blackhawk Mining, LLC appeals the August 6, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Blackhawk Minning, LLC v. Woods*, No. 25-ICA-63, 2025 WL 2249390 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision). Respondent Harold G. Woods Jr. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the January 16, 2025, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's July 14, 2022, order rejecting the claim. The Board of Review held the claim compensable for occupational asthma. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The employer argues that the claimant failed to show that he has occupational asthma. The Occupational Pneumoconiosis Board ("OP Board") and every qualified pulmonologist and occupational medicine physician in this case agreed that coal dust does not cause asthma. Therefore, the employer argues that the claimant's inconsistent pulmonary function testing, preexisting allergic history, unqualified experts, and speculative allegations of exposure fail, as a matter of law, to show that he contracted an occupational disease due to his work environment. The employer also argues that the ICA and the Board of Review should be reversed, and the claim administrator's order rejecting the claim should be reinstated. The claimant counters by arguing that his diagnosis of occupational asthma due to exposure to coal mine dust, which includes more substances than just coal dust, is amply supported by the opinions of his experts, including his former treating physician. The claimant provided evidence of his exposure to various contaminants present in the employer's coal prep plant, and there was no indication of hazardous exposure outside of that work environment. Therefore, the claimant argues that the Board of Review, as

---

[1] The employer appears by counsel T. Jonathan Cook, and the claimant appears by counsel Guy R. Bucci, Ashley N. Lynch, and Otis R. Mann Jr.

affirmed by the ICA, properly reversed the claim administrator's order to hold the claim compensable. In reply, the employer argues that the claim should be rejected because the OP Board testified that the claimant does not have work-related asthma.

In affirming the Board of Review's decision, the ICA deferred to the Board of Review's credibility determinations and weighing of the evidence. *Woods*, 2025 WL 2249390, at *5 (citing *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995)). The ICA concluded that the Board of Review was not clearly wrong in finding that the claimant showed by a preponderance of the evidence that he contracted occupational asthma in the course of and resulting from his employment. *Id.*

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and, therefore, summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: April 21, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III